SMITH, Justice:
Allen Henderson was indicted for grand larceny, and was tried on that charge in the Circuit Court of Leflore County. He was convicted, and sentenced to serve a term of 5 years in the penitentiary. The charge grew out of the theft of a bale of cotton in which it was alleged that Henderson had participated. He has appealed here.
Reversal is sought on a number of grounds. Several relate to the sufficiency of the evidence to support the verdict, and these will be discussed together.
The record leaves little doubt that the bale of cotton was, in fact, stolen. All of the critical testimony against Henderson, that is, testimony directly connecting him with the theft, was given by a witness named Stewart. The witness Stewart admittedly participated in every phase of the theft of the cotton, but testified that he had done so as an “undercover deputy sheriff.” Foster, an admitted cotton thief, said that he had seen Henderson give Stewart some money, which Stewart testified was his share of the proceeds of the sale of the cotton.
The record discloses that appellant Henderson, was 24 years old, married, and had one child. He was regularly employed, earning a monthly salary of $1,268.00, including car allowance. He had no criminal record. The caliber of persons who testified in Henderson’s behalf as character witnesses is impressive. The written record before us makes it appear almost incredible that a young man, situated as Henderson was, would be out in the middle of the night, engaged in stealing a bale of cotton under the difficult and reckless circumstances related by Stewart. Among other remarkable features of Stewart’s account of the theft was that, he said, he and Henderson had hauled the bale on “top of the trunk” of Henderson’s Ford automobile. Moreover, Stewart said, the bale, weighing approximately 500 pounds, had fallen off several times and had been picked up and replaced on top of the automobile by him and Henderson.
As we have said, the critical evidence, directly connecting Henderson with the crime was given by the witness, Stewart. Stewart, the “undercover deputy sheriff”, admitted taking part in the theft, allegedly in his “official capacity.” The witness, Foster, who said he had seen Henderson *287 give Stewart an unknown sum of money, admitted being a cotton thief himself. Stewart’s “deputyship” was of very brief duration and was terminated by the sheriff following his activities in this case. The obvious implication to be drawn from this fact is minimized to some extent, at least, when the sheriff, testifying at the hearing of the motion for a new trial, stated that he had discharged Stewart, not for what he had done in this case, but for not “communicating” with him, that is, for not advising the sheriff as to his activities, and that he was willing to take him back.
There was also testimony that Stewart was not to be believed “on oath.”
The jury heard all of this, however, as well as the testimony of Henderson that he was innocent of the charge. The evidence, therefore, as to whether Henderson had, or had not participated in the theft was in irreconcilable conflict. Consequently, as to this, there was a sharp factual issue, the resolution of which, under our system of jurisprudence, was the exclusive prerogative of the jury. The jury, as was its right, for reasons satisfactory to it but which, from the written record before us, are none too apparent, chose to accept the testimony of Stewart. The testimony of this person, if believed, was sufficient to support the verdict of guilt, and it does not lie within the province of this Court, on review, to set aside a jury verdict under such circumstances.
We have examined the record in the case as to the sufficiency of the evidence and also have carefully considered each of the other matters assigned and argued as having constituted prejudicial error, requiring reversal. We are compelled to hold, however, that the contentions on behalf of appellant with respect to these- matters are without merit. The verdict and judgment appealed from must, therefore, be affirmed.
Affirmed.
GILLESPIE, C. J., and PATTERSON, INZER, ROBERTSON, WALKER and BROOM, JJ., concur.